

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LEONARD CAHNMANN, | )<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) No. 08 C 6207 |
| RICHARD DEVINE and ANITA ALVAREZ, individually and in their official capacities, OFFICE OF THE STATE'S ATTORNEY OF COOK COUNTY, ILLINOIS, | )<br>)<br>) Judge Ruben Castillo<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Leonard Cahnmann ("Plaintiff") brings this action alleging age discrimination and unlawful termination against Richard Devine ("Devine"), Anita Alvarez ("Alvarez") in both their individual and official capacities and against the Office of the State's Attorney of Cook County, Illinois (the "State's Attorney's Office") (collectively "Defendants"). Plaintiff claims to have been unlawfully terminated from his position as an Assistant State's Attorney ("ASA") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (R. 22, First Am. Compl. ("Am. Compl.").) Currently before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (R. 27, Defs.' Mot. to Dismiss.) For the reasons stated below, the motion is granted.

## RELEVANT FACTS

Plaintiff began working for the State's Attorney's Office as an ASA in the Real Estate Tax Division in September 1998. (R. 22, Am. Compl. ¶¶ 11-12.) While employed at the State's Attorney's Office, Plaintiff alleges that he successfully performed all of his duties and met all the

expectations of his employer. (*Id.* ¶ 13.) On March 2, 2007, Plaintiff was terminated allegedly "due to budgetary constraints." (*Id.* ¶¶ 14-15.) Plaintiff alleges that "budgetary constraints," however, were only a pretext for his termination and that his advanced age was the real reason for his dismissal. (*Id.* ¶ 15.) Plaintiff was born on November 7, 1946, making him over the age of 40 at the time his employment was terminated. (*Id.* ¶ 14.) Plaintiff claims that he was fired because the State's Attorney's Office planned to hire younger attorneys to take his position. (*Id.* ¶ 15.) Specifically, Plaintiff alleges that the State's Attorney's Office hired "at least 30 new attorneys under the age of 40 and hired up to up to 70 new attorneys during the entirety of 2007, who were younger than Plaintiff. . . ." (*Id.* ¶ 16.)

## PROCEDURAL HISTORY

On October 29, 2008, Plaintiff filed his initial complaint in this Court against Devine in his official capacity and the State's Attorney's Office. (R. 1, Compl.) Defendants subsequently moved to dismiss for lack of subject matter jurisdiction. (R. 9, Mot. Dismiss.) On January 6, 2009, this Court granted Defendants' motion and dismissed the complaint without prejudice. (R. 14, Minute Entry.) Plaintiff was granted leave to file an amended complaint, which he filed on May 8, 2009. (*Id.*; R. 22, Am. Compl.) The amended complaint alleges age discrimination against Devine and Alvarez in both their individual and official capacities and against the State's Attorney's Office. (*Id.*) On June 9, 2009, Defendants moved to dismiss the amended complaint pursuant to Rule 12(b)(6). (R. 27, Defs.' Mot. Dismiss.)

## LEGAL STANDARD

In determining whether to grant a motion to dismiss under Rule 12(b)(6) the Court accepts all well-pleaded allegations in the complaint as true and draws all inferences in the light

most favorable to the plaintiff. *Brooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two easy-to-clear hurdles": (1) "the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests"; and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

## ANALYSIS

Defendants argue that Plaintiff's complaint should be dismissed because an ASA "is not an 'employee' under the ADEA and does not fall within the scope of that statute." (R. 28, Defs.' Mem. at 2.) Plaintiff, however, claims that whether he is an "employee" under the ADEA is a question of fact, not a question of law, and therefore cannot be resolved on a motion to dismiss. (R. 34, Pl.'s Resp. at 3.) The relevant section of the ADEA provides that:

> The term 'employee' means an individual employed by an employer except that the term 'employee' shall not include any person elected to public office in any State or political subdivision of any State by qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policymaking level or an immediate advisor with respect to the exercise of the constitutional or legal power of the office. The exemption set forth in the preceding sentence shall not include employees subject to civil service laws of a State government, governmental agency, or political subdivision.

29 U.S.C. § 630(f). Defendants argue that Plaintiff was "an appointee on the policymaking level" and therefore this exception applies in the instant case. (R. 39, Defs.' Reply at 3.)

In determining whether a position is a policymaking position under the ADEA, the relevant test is "'whether the position held by the individual authorizes, either directly or indirectly, meaningful input into governmental decision-making on issues where there is room

3

for principled disagreement on goals or their implementation.'" *Americanos v. Carter*, 74 F.3d 138, 141 (7th Cir. 1996) (quoting *Branti v. Finkel*, 445 U.S. 507, 517 (1980)). Thus, the Court must "'examine the powers inherent in a given office, rather than the actual functions of the occupant of that office performed.'" *Id.* (quoting *Heck v. City of Freeport*, 985 F.2d 305, 309 (7th Cir. 1993).[1]

Where the legislation defining an office is brief or unspecific, or where the functions of the office are unknown, it can be very difficult for the court to determine the powers inherent in a position. *Kolman v. Sheahan*, 31 F.3d 429, 433 (7th Cir. 1994); *Heck*, 985 F.2d at 309. In *Kolman*, plaintiffs were deputies and investigators in the Cook County Sheriff's Electrical Monitoring Unit (the "EMU"). *Kolman*, 31 F.3d at 430. The Seventh Circuit stated that although it was "very possible the jobs were political, decisionmaking positions," it had "no idea what goes on at the EMU." *Id.* at 432-33. As such "the inherent powers of an EMU employee" were not "obvious to a federal judge viewing a blank record," and the Seventh Circuit could not determine as a matter of law whether the plaintiffs' positions "had meaningful input into government decisionmaking," and therefore remanded the inquiry to the district court. *Id.* at 433-44.

However, "when the duties and responsibilities of a particular position are clearly defined by law and regulations, a court may resolve this issue without the aid of a finder of fact." *Vargas-Harrison v. Racine Unified Sch. Dist.*, 272 F.3d 964, 972 (7th Cir. 2001); *see also*

---

[1] The test for determining whether an employee is exempt from the ADEA is the same test for determining whether they are exempt from the patronage ban. *Americanos*, 74 F.3d at 144 ("the reasons for exempting the office from the patronage ban apply with equal force to the requirements of the ADEA.") (citations omitted).

4

*Americanos*, 74 F.3d at 141-44. In *Americanos*, the plaintiff was a Deputy Attorney General ("DAG") in Indiana who alleged that the District Attorney had unlawfully fired him, in part, due to his advancing age. *Id.* at 139-40. In examining the inherent power of the plaintiff's position, the Seventh Circuit noted that under Indiana law a DAG could potentially be called upon to perform any of the enumerated duties of the elected Attorney General. *Id.* at 141. Accordingly, they concluded that the position of the DAG "inherently carries with it the ability to have meaningful input into decision-making on issues where there is room for principled disagreement on goals or their implementation." *Id.* at 141-42. The Seventh Circuit therefore affirmed the district court's dismissal of plaintiff's claims because he was not an "employee" within the purview of the ADEA. *Id.* at 144.

In this case, Plaintiff argues that he served as an ASA in the "obscure" Real Estate Tax Division of the State's Attorney's Office and that there is an insufficient factual record to determine if his position qualified as decision-making as a matter of law. (R. 34, Pl.'s Resp. at 14-15.) The power inherent to the State's Attorney's Office, however, is well defined by Illinois law. *See* 55 ILCS 5/3-9005. Under the statute, the State's Attorney has the power to commence and prosecute all civil and criminal actions in which the people of Illinois may be concerned. *Id.* Accordingly, the State's Attorney "has the broad discretion to set whatever policies he or she believes necessary to protect the interests of [] society." *Livas v. Petka*, 711 F.2d 798, 801 (7th Cir. 1983). Moreover, "[u]nder Illinois law Assistant State's Attorneys are surrogates for the State's Attorney. Assistant State's Attorneys 'possess the power in the same manner and to the same effect as the State's Attorney.'" *McGrath v. Gillis*, 44 F.3d 567, 571 (7th Cir. 1995) (quoting *People v. Tobias*, 465 N.E.2d 608, 615 (Ill. App. Ct. 1984). The Illinois Appellate

5

Court explains that:

> An Assistant State's Attorney is generally clothed with all the powers and privileges of the State's Attorney; and all acts done by him in that capacity must be regarded as if done by the State's Attorney himself.... We believe that the legislative purpose in creating the office of Assistant State's Attorney (Sec. 18, ch. 53, Ill. Rev. Stat.), was to provide an official who should have full power to act in the case of the absence or sickness of the State's Attorney, or in the case of his being otherwise engaged in the discharge of the duties of office, in the same manner and to the same extent that the State's Attorney could act, and we also believe that the General Assembly in using the term, 'a State's Attorney' did intend that an assistant could act.

*People v. Nahas*, 292 N.E.2d 466, 470 (Ill. App. Ct. 1973).[2] Accordingly, as a matter of law, an Assistant State's Attorney is a policymaking position. *See DeRose v. Office of the State's Attorney of Cook County*, No. 08 C 6210, 2009 U.S. Dist. LEXIS 107316, at *6 (N.D. Ill. Nov. 13, 2009) (even though there were "a large number of ASAs" and plaintiff was "a low-level or apolitical ASA," he fell within the "employee" exception as a matter of law); *Opp v. Office of the State's Attorney of Cook County*, No. 08 C 6120, 2009 U.S. Dist. LEXIS 93910, at *4 (N.D. Ill. Oct. 8, 2009) ("regardless of their actual, day-to-day job functions, ASAs in Illinois are deemed to hold policymaking positions for the ADEA's purposes as a matter of law."); *Bervid v. Alvarez*, No. 08 C 7076, 2009 U.S. Dist. LEXIS 74502, at *14-15 (N.D. Ill. Aug. 20, 2009) (same).

The ADEA, however, requires that an individual must not only hold a policy-making position, but also be an appointee of an elected official in order to qualify as exempt. 42 U.S.C. § 2000(e)f. The State's Attorney is an elected official. *See* 55 ILCS 5/3-9002. Moreover, under Illinois law "[A]ssistant State's Attorneys are to be named by the State's Attorney of the county,

---

[2] Plaintiff argues that *McGrath* and *Nahas* "have no bearing on the interpretation of the ADEA exemptions." (R. 34, Pl.'s Resp. at 12.) The relevance of these cases, however, is not the courts' interpretation of the ADEA, but rather the discussions related to the power which attaches to the position of an ASA.

and when so appointed shall take the oath of office in the same manner as State's Attorneys and shall be under the supervision of the State's Attorney." 55 ILCS 5/4-2003. Under the plain language of the statute, the State's Attorney appointed Plaintiff to his former position as an ASA. *See Cler v. Ill. Educ. Ass'n*, 423 F.3d 726, 730 (7th Cir. 2005) ("It is a common rule of statutory construction that when the plain language of a statute is clear, courts need look no further than those words in interpreting the statute.") (citations omitted); *see also Bervid*, 2009 U.S. Dist. LEXIS 74502, at * 18 (finding that the ASA plaintiff "cannot claim, consistently with 55 ILCS 5/4-2003, that he was not appointed by the State's Attorney"). Accordingly, Plaintiff is exempt from the ADEA and his claim fails in its entirety.[3]

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (R. 27) is GRANTED. The lawsuit is hereby dismissed with prejudice. The Clerk of the Court is directed to enter a final judgment in favor of Defendants.

Entered: _____
Judge Ruben Castillo
United States District Court

**Dated: December 11, 2009**

---

[3] The Court need not consider Defendants' remaining arguments for dismissal of the claim.